**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alejandro Hugo VALDEZ–RUIZ,
Defendant–Appellant.**

No. 02–5942.

United States Court of Appeals,
Sixth Circuit.

Nov. 13, 2003.

Thomas A. Colthurst, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

April R. Goode, Asst. F.P. Defender, Office of the Federal Public Defender for the Western District of Tennessee, Memphis, TN, for Defendant–Appellant.

Before CLAY and COOK, Circuit Judges; and STAFFORD, District Judge.*

PER CURIAM.

Appellant, Alejandro Hugo Valdez–Ruiz ("Defendant"), appeals the district court's denial of his motion to suppress evidence. We affirm.

## I. BACKGROUND

On April 5, 2001, two detectives with the Memphis Police Department were working as a drug interdiction team at the Greyhound Bus Station in Memphis. When a bus arrived from Chicago, Illinois, the officers saw Defendant exit the bus carrying what appeared to be a heavy bag. Defendant entered the terminal and was approached by the officers as he was looking at the arrival and departure board (written in English).

One of the officers initiated a conversation with Defendant in English. The officer first asked if Defendant needed help; Defendant responded "no" in English. The officer then asked Defendant where he had come from; Defendant responded that he was on his way to Birmingham from Chicago. When the officer asked to see Defendant's ticket, Defendant handed the ticket to the officer. The officer asked Defendant if the bag he was carrying belonged to him, and Defendant said: "Yes." The officer asked Defendant if he had anything illegal in the bag, and Defendant replied: "No." When the officer asked if he could look in Defendant's bag, Defendant answered: "Yes." The two officers than looked in the bag and found three-brick shaped packages that proved to contain approximately three kilograms of cocaine. When Defendant was asked about the brick-shaped packages, he indicated for the first time that he did not speak English. Had Defendant indicated earlier that he did not understand English, one of the officers had the ability to communicate with him in Spanish.

Defendant was charged with one count of possessing cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). Before trial, Defendant filed a motion to suppress, arguing that he did not voluntarily consent to the search of his bag. After an evidentiary hearing, the district court denied the motion.

---

* The Honorable William Stafford, Senior United States District Judge for the Northern District of Florida, sitting by designation.

Defendant pleaded guilty on January 24, 2002, reserving his right to appeal the ruling on the suppression motion. On June 4, 2002, he was sentenced to 60 months imprisonment to be followed by 3 years of supervised release. Judgment was entered on the docket on June 10, 2002. On June 17, 2002, Defendant filed a motion for extension of time to file an appeal. The district court granted the motion, and Defendant's appeal was filed on July 19, 2002.

## II. *STANDARD OF REVIEW:*

Consent is a question of fact, to be determined from the totality of the circumstances and reviewed for clear error. *United States v. Worley*, 193 F.3d 380, 384 (6th Cir.1999). A factual finding will only be clearly erroneous when, although there is evidence to support it, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518, (1985) (citation omitted). This court must consider the evidence in the light most favorable to the government. *United States v. Erwin*, 155 F.3d 818, 822 (6th Cir.1998) (*en banc*), *cert. denied*, 525 U.S. 1123, 119 S.Ct. 906, 142 L.Ed.2d 904 (1999).

The government has the burden of proving consent by "clear and positive testimony." *Erwin*, 155 F.3d at 822. To be voluntary, consent must be " 'unequivocal, specific, and intelligently given, uncontaminated by any duress or coercion.' " *Erwin*, 155 F.3d at 822 (quoting *United States v. Scott*, 578 F.2d 1186, 1188–1189 (6th Cir.1978)).

## III. DISCUSSION

In finding that Defendant voluntarily consented to the search of his bag, the district court relied largely on the officers'

testimony regarding the dialogue that occurred in the bus station. Based on that testimony, the district judge determined (1) that the officers made no show of force when they approached Defendant in the bus terminal, (2) that Defendant readily and appropriately responded in English to several of the officers' preliminary questions, (3) that Defendant responded affirmatively, in English, when the officers asked if they could search Defendant's bag, and (4) that the officers reasonably believed that Defendant understood their request for consent based on his English responses to their earlier questions and his review of the bus station announcement board that was written in English.

Based on other testimony, including Defendant's own testimony, the district court also determined that Defendant, a mature adult, was in good physical and mental condition at the time of the stop. He had had a number of years of formal education in his native country, had taken nominal English classes, had lived and worked in the United States for a number of months, and had demonstrated an ability to travel independently within the United States. The district court noted, moreover, that while Defendant had the benefit of an interpreter during his testimony before the court, he at times would begin to answer questions before hearing the Spanish translation, demonstrating an understanding of questions posed in English.

Our review of the evidence does not leave us with "the definite and firm conviction that a mistake has been committed." *Anderson*, 470 U.S. at 573, 105 S.Ct. 1504. The judge carefully considered the evidence and, unlike this court, had the opportunity to assess the credibility of the witnesses, including Defendant. Given Defendant's appropriate English responses to the officer's questions, Defendant's ability to begin answering questions in court

before hearing the Spanish translation, and the officers' reasonable belief that Defendant understood their request for consent, the district court's decision must be, and is, AFFIRMED.